UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WOODROW VAUGHN, JR.

CIVIL ACTION

VERSUS

NUMBER 12-334-SDD-SCR

TURNER INDUSTRIES GROUP, LLC

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 7, 2013.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WOODROW VAUGHN, JR.

VERSUS

TURNER INDUSTRIES GROUP, LLC

CIVIL ACTION

NUMBER 12-334-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Turner's 28 U.S.C. § 1915 Motion to Dismiss or Alternatively Motion to Revoke In Forma Pauperis Status filed by defendant Turner Industries Group, L.L.C. Record document number 41. No opposition or other response has been filed.

Plaintiff was granted leave to proceed in forma pauperis based on his Application Under Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1).[1] It is not necessary to re-state in this report what he represented to the court in his Application. As the defendant has convincingly shown, the plaintiff's statements in that Application - made under penalty of perjury - regarding his income and employment were false. There is no reason to believe that his statements were merely incorrect due to some misunderstanding about the information required by the form. Rather, the plaintiff's statements were intentionally false.

The in forma pauperis statute provides, in relevant part, as

---

[1] Record document number 1.

follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - -
> (A) the allegation of poverty is untrue;

28 U.S.C. § 1915(e)(2)(A).

Clearly, the plaintiff's allegation of poverty in his Application was not true.

Dismissal with prejudice is appropriate in this case. As noted above, the false statements in the Application were not merely mistakes - they were intentional falsehoods. As the cases cited by the defendant explained, whether the plaintiff would have been granted in forma pauperis status had he made truthful disclosures is not the issue. What matters is that he intentionally made false statements to obtain the benefit of in forma pauperis status. Had the defendant Turner Industries not diligently sought information about the plaintiff's employment and earnings after leaving its employ, the plaintiff's false statements might never have been exposed.

Defendant has also shown that consideration of the plaintiff's true financial condition supports finding that his in forma pauperis status should be revoked if his complaint is not dismissed.

### RECOMMENDATION

It is the recommendation of the magistrate judge that

defendant Turner's 28 U.S.C. § 1915 Motion to Dismiss or Alternatively Motion to Revoke In Forma Pauperis Status be granted and that the plaintiff's complaint be dismissed with prejudice.

Baton Rouge, Louisiana, October 7, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE